**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 27 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  15-50378 |
| Plaintiff - Appellee, | D.C. No. 3:15-cr-01068-H |
| v. | |
| BLAS ROBERTO VELAZQUEZ-MARTINEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Blas Roberto Velazquez-Martinez appeals from the district court's judgment

and challenges the 60-month sentence imposed following his guilty-plea

conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

and 960.  We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

Velazquez-Martinez argues that the district court erred in denying a minor role reduction to his base offense level under U.S.S.G. § 3B1.2(b).  After Velazquez-Martinez was sentenced, the United States Sentencing Commission issued Amendment 794 ("the Amendment"), which amended the commentary to the minor role Guideline.  The Amendment is retroactive to cases on direct appeal. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016).

Among other things, the Amendment added a non-exhaustive list of factors that a court "should consider" in determining whether to apply a minor role reduction.  *See* U.S.S.G. § 3B1.2 cmt. n.3(C) (2015).  We cannot determine from the record whether the district court considered all of those factors in determining whether Velazquez-Martinez was entitled to a minor role adjustment.[1]  Therefore, we remand for the district court to resentence Velazquez-Martinez with the benefit of newly amended § 3B1.2.  *See Quintero-Leyva*, 823 F.3d at 523-24.

**VACATED and REMANDED for resentencing.**

---

[1]We also note that Velazquez-Martinez argues the district court failed to make a comparative analysis between him and the other alleged participants in the offense.  *See United States v. Rojas-Millan*, 234 F.3d 464, 473-74 (9th Cir. 2000).